UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK W. DOBRONSKI,

Plaintiff,

v.

JEREMY LEE RHODES, et al.,

Defendants.
__________________________________/

Case No. 2:25-cv-12664

Hon. Susan K. DeClercq
United States District Judge

**ORDER GRANTING JOINT MOTION TO DISMISS (ECF No. 40), DISMISSING THE CASE AS TO DEFENDANT GOLD STAR, AND DENYING DEFENDANT GOLD STAR'S MOTION TO DISMISS (ECF No. 26) AS MOOT**

Plaintiff Mark W. Dobronski has agreed to dismiss all claims against Defendant Gold Star Mortgage Financial Group, Corporation d/b/a Gold Star Mortgage ("Gold Star"), and these parties jointly move this Court for an Order dismissing Gold Star with prejudice. ECF No. 40.

Under Civil Rule 21, courts may, "on just terms, . . . drop a party." When a plaintiff resolves all claims against one defendant but other claims and parties remain, Civil Rule 21 is the vehicle for dismissing the defendant. *See Philip Carey Mfg. Co. v. Taylor*, 586 F.2d 782, 785 (6th Cir. 1961). Here, because Dobronski has resolved his claims against Gold Star, this Court finds that dismissal of Gold Star

under Rule 21 is appropriate,[1] and will grant the joint motion to dismiss. ECF No. 40.

Accordingly, it is **ORDERED** that the Joint Motion to Dismiss Gold Star with Prejudice, ECF No. 40, is **GRANTED**. Plaintiff's claims against Gold Star are **DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Gold Star's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 26, is **DENIED AS MOOT**.

*/s/ Susan K. DeClercq*___
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 21, 2026

---

[1] Defendant David Espaillat has responded to the joint motion. *See* ECF No. 41. However, as Espaillat acknowledges, he raises no actionable objection to the motion because "he lacks standing to object to the plaintiff dismissing its claims against a particular defendant." *Id.* at PageID.383.